```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANDRA SOLOVEY,                    :
                                   :CIVIL ACTION NO. 3:04-CV-2683
        Plaintiff,                 :
                                   :(JUDGE CONABOY)
        v.                         :
                                   :
WYOMING VALLEY HEALTH CARE         :
SYSTEM - HOSPITAL,                 :
                                   :
        Defendant.                 :
                                   :
```
_____

## MEMORANDUM AND ORDER

Here we consider Defendant Wyoming Valley Health Care System - Hospital's ("WVHCS") Motion to Dismiss Plaintiff's Complaint. (Doc. 8).  Plaintiff filed her Complaint on December 13, 2004, alleging that Defendant violated the Family Medical Leave Act ("FMLA") when it did not allow her to use vacation pay for days she was absent from work due to her father's illness. (Doc. 1.)  In addition to monetary damages, Plaintiff requests that the Court declare Defendant's policy a violation of the FMLA and restrain Defendant from enforcing the two week notice policy.  (Id.)

In the pending motion, Defendant asserts that the Court should dismiss this action because the issue raised was decided in arbitration.  (Docs. 8, 11, 18.)  The issue presented by Defendant's assertion is whether an adverse arbitration decision precludes a plaintiff from pursuing the same or a similar claim based on a federal statutory right in a judicial forum.  For the

1

reasons discussed below, we conclude that Plaintiff's claim may proceed in this Court and we deny Defendant's Motion to Dismiss.

## I. Background

The parties have stated that the facts are not in dispute.[1] Plaintiff Sandra Solovey was at all relevant times a nurse employed by WVHCS ("Defendant") in the emergency room at Wilkes-Barre General Hospital ("WGBH"). Her father was placed in hospice care in June 2003. On June 23, 2003, Plaintiff left work in the middle of her shift after receiving word that her father's condition had worsened. She spent June 24 and 25, 2003, with her father, and returned to work on June 26th. Plaintiff left work early on June 26th when she received word that her father's condition was critical and that he was *in extremis*. She remained out of work on June 27, 2003, and her father died on June 28th. Defendant deemed the time Plaintiff missed work beginning on June 23, 2004, through June 27, 2004, to constitute leave under the FMLA. However, Defendant denied Plaintiff's request to use a portion of her paid vacation allotment to obtain compensation for some of the days missed. Defendant denied the request on the grounds that Plaintiff had not complied with the requirement that employees submit requests to use vacation days in writing to their department heads at least two

---

[1] The facts recited are derived from Plaintiff's Complaint, the Joint Case Management Plan, Defendant's Motion, and the briefs submitted in conjunction with the pending motion. (Docs. 1, 8, 11, 18.)

weeks before the effectuation of the request.

Plaintiff was a member of a bargaining unit consisting of registered nurses employed by Defendant and represented for purposes of collective bargaining by the Wyoming Valley Nurses Association/PASNAP ("Union").  At all relevant times, Defendant and the Union were parties to a collective bargaining agreement ("CBA") governing the terms and conditions of employment.  The CBA contained a grievance and arbitration procedure.  The applicable vacation policy was also a provision of the CBA.

After Defendant denied Plaintiff's request to use paid vacation time, Plaintiff filed a grievance under the CBA to contest Defendant's determination.  On August 19, 2003, the Union filed a demand for arbitration under the CBA.  On February 13, 2004, an arbitration hearing was held in Wilkes-Barre, Pennsylvania.  The parties to the proceeding were the Defendant and the Union.  Plaintiff attended the hearing.

Following the hearing, both parties submitted briefs.  The Union argued, *inter alia*, that the CBA incorporated by reference the language of the FMLA and that denial of the vacation time sought by Plaintiff was contrary to the terms of the FMLA and therefore violated the CBA.

In an Opinion and Award issued on June 3, 2004, the arbitrator denied the grievance and rejected the Union's arguments, including the FMLA argument.  The arbitrator determined that the provision of

the CBA requiring two weeks written notice permitted the hospital to deny Plaintiff vacation pay for June 22, 26 and 27, 2003.

## II. Discussion

*A.   APPLICABLE STANDARD*

Defendant files this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff notes that technically Defendant's motion is one for summary judgment because the motion is accompanied by a supporting affidavit and exhibits. (Doc. 17 at 1 n.1.) Therefore, our threshold inquiry is whether we must convert the instant motion to one for summary judgment because Defendant has submitted evidence outside the pleadings.

While a court has discretion to address evidence outside the complaint when ruling on a motion to dismiss, that discretion is limited by the terms of Rule 12(b) and interpretive guidance. <u>Pryor v. National Collegiate Athletic Association</u>, 288 F.3d 548, 559 (3d Cir. 2002) (citations omitted). <u>Pryor</u> quotes the following explanation of considerations pertinent to the decision of whether the 12(b)(6) or summary judgment standard is appropriate:

> As a general rule, the court may only consider the pleading which is attacked by a Rule 12(b)(6) motion in determining its sufficiency. * * * The court is not permitted to look at matters outside the record; if such matters are considered, the Rule 12(b)(6) motion to dismiss is, by the express terms of Rule 12(b) converted into a motion for summary judgment. However, the court may consider documents which are *attached* to or submitted with the complaint, as well as legal arguments presented in memorandums or briefs and arguments of counsel. Further, documents whose contents are

> alleged in the complaint and whose authenticity no
> party questions, but which are not physically
> attached to the pleading, may be considered. * * *
> Documents that the defendant attaches to the
> motion to dismiss are considered part of the
> pleadings if they are referred to in the
> plaintiff's complaint and are central to the
> claim; as such, they may be considered by the
> court.

Pryor, 288 F.3d at 560 (quoting 62 Fed. Proc., L. Ed. § 62:508).

With this guidance, we must decide whether the documents Defendant attaches can be considered part of the pleadings because they are referred to in Plaintiff's complaint and are central to her claim.

Two exhibits are attached to Defendant's motion: the CBA between Defendant and the Union and the arbitration Opinion and Award denying Plaintiff's grievance.  (Doc. 8 Attachments.)  Five exhibits are attached to Defendant's supporting brief: 1) Affidavit of James Carmody, an individual employed in Defendant's Human Resources Department; 2) Union Grievance Form; 3) Plaintiff's arbitration post-hearing brief; 4) Defendant's arbitration post-hearing brief; and 5) a letter from defense counsel to the arbitrator.  (Doc. 17 attachments.)

We conclude that the only document submitted by Defendant which can be considered is the CBA between the Union and Defendant. Although Plaintiff's complaint does not refer to the CBA, the vacation policy complained of is found therein.  (See Doc. 1.)

Because, we may only consider the Complaint, the CBA and the parties' legal arguments, we must determine whether we can decide the pending motion on this basis. We conclude that we may proceed with our analysis of the motion because the facts of this case are not in dispute and applicable precedent does not require reference to the excluded documents.

- ***Motion to Dismiss Standard***

A party may move to dismiss a claim or claims set forth in a plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." The purpose of a motion to dismiss is to test the legal sufficiency of the Complaint. <u>Sturm v. Clark</u>, 835 F.2d 1009, 1011 (3d Cir. 1987). In rendering a decision on a motion to dismiss, a court must accept as true all of the plaintiff's factual allegations and all reasonable inferences that can be drawn from them. <u>See, e.g.</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990); <u>White v. Napolean</u>, 897 F.2d 103, 106 (3d Cir. 1990). A court should not inquire whether "the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996). A claim should not be dismissed under Rule 12(b)(6) unless it appears that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46.

Conley also noted that the Federal Rules require only notice pleading. Id. at 47-48. Therefore, it is sufficient if the plaintiff sets forth a short and plain statement of the facts that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

## *B.    EFFECT OF ARBITRATION DECISION*

Defendant's motion is based on the argument that Plaintiff should not be allowed to proceed with her FMLA claim in federal court because the issue has been decided in a previous arbitration decision. We disagree.

The United States Supreme Court has stated:

> We think, therefore, that the federal policy favoring arbitration of labor disputes and the federal policy against discriminatory employment practices can best be accommodated by permitting an employee to pursue fully both his remedy under the grievance-arbitration clause of a collective bargaining agreement and his cause of action under Title VII. The federal court should consider the employee's claim de novo. The arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate.

Alexander v. Gardner-Denver Co., 415 U.S. 36, 59 (1974). The reasoning behind the Court's conclusion included the fact that it is the arbitrator's task to "effectuate the intent of the parties rather than the requirements of enacted legislation." Id. at 57. The Court found it problematic that, where the collective bargaining agreement conflicts with the legislation, the arbitrator

7

must follow the agreement.  Id. at 58.  Among other facts that "render the arbitral processes comparatively inferior to judicial processes in the protections of Title VII rights . . . is the fact that the specialized competence of arbitrators pertains primarily to the law of the shop, not the law of the land."  Id. (citations omitted).  Other expressed concerns include "the union's exclusive control over the manner and extent to which an individual grievance is presented."  Id. at 58 n.9.

The Supreme Court has applied Gardner-Denver in contexts other than a Title VII claim.  See, e.g., Wright v. Universal Maritime Service Corp., 525 U.S. 70 (1998) (ADA claim); McDonald v. City of West Branch, 466 U.S. 284, 292 (1984) (Section 1983 claim); Barrentine v. Arkansas-Best Freight System, 450 U.S. 728 (1981) (Fair Labor Standards Act claim).  Other courts have applied Gardner-Denver to FMLA claims.  See, e.g., Rogers v. New York University, 220 F.3d 73 (2d Cir. 2000); Schtab v. The Greate Bay Hotel and Casino, Inc., 173 F. Supp. 2d 255 (D.N.J. 2001).

Further, the Court has held that in a federal statutory action (§ 1983) "a federal court should not afford res judicata or collateral estoppel to effect an award in an arbitration proceeding brought pursuant to the terms of a collective bargaining agreement."  McDonald, 466 U.S. at 292.

Defendant urges that the preference for arbitration as a means of dispute resolution found in federal statutory and decisional law

8

indicates that this Court should give preclusive effect to the arbitration decision denying Plaintiff's grievance. (See, e.g., Doc. 11 at 6.)  Defendant argues that the validity of Gardner-Denver is questionable given subsequent Supreme Court decisions. (Doc. 11 at 14 n.5.)  Defendant relies primarily on Circuit City Stores v. Adams, 532 U.S. 105 (2001), and Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991), to support its argument and undermine the validity of Gardner-Denver.  (Doc. 11 at 7, 14 n.5; Doc. 18 at 2.)

We find that Defendant's arguments are not supported by case law and Defendant has failed to properly distinguish the case at bar from those relied upon.  Defendant's reliance on Gilmer and Circuit City is misplaced in that neither of these cases involved a collective bargaining agreement - a prime consideration in the line of Supreme Court cases addressing the interplay of arbitration and judicial forum litigation.  Rather than "clearly question[ing] the continuing efficacy of [] Gardner-Denver," (Doc. 18 at 2), Gilmer distinguishes the issues presented - the Court found a dispositive distinction in the fact that the case involved the enforceability of an *individual* agreement to arbitrate statutory claims.  Gilmer, 500 U.S. at 34-35.  The Court has recognized "some tension" between the Gardner-Denver and Gilmer lines of cases.  Wright, 525 U.S. at 77.  However, the acknowledged tension is limited to the question of whether a collective bargaining agreement can waive employees'

9

rights to a judicial forum for consideration of a claim filed pursuant to a federal statutory right.  Id.

The ongoing validity of Gardner-Denver is confirmed in the Supreme Court's own decisions and in those of the appellate courts. In Wright, the Court stated: "Gardner-Denver at least stands for the proposition that the right to a federal forum is of sufficient importance to be protected against the less-than-explicit union waiver in a CBA" Wright, 525 U.S. at 80.  The Third Circuit Court of Appeals recognized the potential applicability of Gardner-Denver in Durham Life Ins. Co., v. Evans, 166 F.3d 139, 159 n.15 (3d Cir. 1999); see also O'Brien v. Town of Agawam, 350 F.3d 279, 286 n.14 (1st Cir. 2003) (listing cases concluding that Gardner-Denver remains valid).

We conclude that Gardner-Denver is applicable to FMLA claims in general and to this case in particular.  The tension noted between the Gardner-Denver and Gilmer lines of cases is not at issue here because there is no assertion or indication that the CBA explicitly waived the employees' rights to pursue statutory claims in a judicial forum.  Wright, 525 U.S. at 80.  Therefore, we conclude that Plaintiff's cause of action is not precluded by the prior arbitration of her claim and neither issue nor claim preclusion apply to this cases.

10

### **III. Conclusion**

For the reasons discussed above, Defendant's Motion to Dismiss, (Doc. 8), is denied.  An appropriate Order follows.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: May 12, 2005