```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANDRA SOLOVEY,                     :
                                    :CIVIL ACTION NO. 3:04-CV-2683
          Plaintiff,                :
                                    :(JUDGE CONABOY)
     v.                             :
                                    :
WYOMING VALLEY HEALTH CARE          :
SYSTEM - HOSPITAL,                  :
                                    :
          Defendant.                :
                                    :
```
_____

### **MEMORANDUM AND ORDER**

Here we consider the parties' cross motions for summary judgment. Plaintiff filed her Complaint in the underlying action on December 13, 2004, alleging that Defendant violated the Family Medical Leave Act ("FMLA") when it did not allow her to use vacation pay for days she was absent from work due to her father's illness. (Doc. 1.) The reason given for the denial was that Plaintiff did not comply with the two-week notification policy regarding request for vacation leave. (*Id.*) In addition to monetary damages, Plaintiff requests that the Court declare Defendant's policy a violation of the FMLA and restrain Defendant from enforcing the two-week notice policy. On August 25, 2005, Plaintiff filed her summary judgment motion, (Doc. 25), and on August 26, 2005, Defendant filed its motion, (Doc. 26). On September 30, 2005, both parties filed their supportive briefs, (Docs. 31-1, 32-1). By agreement of the parties, the summary

1

judgment briefing schedule is now complete.  (*See* Doc. 24.)
Therefore these motions are now ripe for disposition.

The only issue presented by these motions is whether Defendant's application of the policy requiring two weeks advance notice of the use of vacation time to the situation where an employee is requesting to be paid for time off taken pursuant to the Family Medical Leave Act violates the FMLA.  For the reasons discussed below, we conclude that Defendant's policy conflicts with the FMLA and, therefore, summary judgment is granted in favor of Plaintiff.

### **I. Background**

The parties have stated that the facts are not in dispute.[1] (Doc. 31-1 at 3; Doc. 32-1 at 1-2.)  Sandra Solovey was at all relevant times a nurse employed by Wyoming Valley Health Care System - Hospital ("WVHCS" "Defendant") in the emergency room at Wilkes-Barre General Hospital ("WGBH").

Plaintiff was a member of a bargaining unit consisting of registered nurses employed by Defendant and represented for purposes of collective bargaining by the Wyoming Valley Nurses Association/PASNAP ("Union").  At all relevant times, Defendant and the Union were parties to a collective bargaining agreement ("CBA") governing the terms and conditions of employment.  The CBA

---

[1] The facts recited are derived from Plaintiff's Complaint, (Doc. 1), and the parties' Stipulation of Facts, (Doc. 31-2; Doc. 32-2).

contained, *inter alia*, the vacation policy at issue here and grievance and arbitration procedures.

Plaintiff's father was placed in hospice care in June 2003. On June 23, 2003, Solovey left work in the middle of her shift after receiving word that her father's condition had worsened. She spent June 24 and 25, 2003, with her father, and returned to work on June 26th. Plaintiff left work early on June 26th when she received word that her father's condition was critical and that he was *in extremis*. She remained out of work on June 27, 2003, and her father died on June 28th. Defendant deemed the time Plaintiff missed work beginning on June 23, 2004, through June 27, 2004, to constitute leave under the FMLA.

Plaintiff was paid for the time she was absent from work on June 23rd and June 24th, using available paid time off known as "family ill" days. However, Defendant denied Plaintiff's request to use a portion of her paid vacation allotment to obtain compensation for her partial day absences on June 22nd and June 26th and her full day absence on June 27th. Defendant denied the request on the grounds that Plaintiff had not complied with the CBA requirement that employees provide two weeks advance notice before taking a vacation day in order to qualify for use of paid vacation time. Plaintiff did not learn of her need for the absences from work until June 22, 2003.

After Defendant denied Plaintiff's request to use paid

3

vacation time, Plaintiff filed a grievance under the CBA to contest Defendant's determination.  On August 19, 2003, the Union filed a demand for arbitration under the CBA.  On February 13, 2004, an arbitration hearing was held in Wilkes-Barre, Pennsylvania.  The parties to the proceeding were the Defendant and the Union.  Plaintiff attended the hearing.  Both parties submitted post-hearing briefs.  The Union argued, *inter alia*, that the CBA incorporated by reference the language of the FMLA and that denial of the vacation time sought by Plaintiff was contrary to the terms of the FMLA and therefore violated the FMLA.  In an Opinion and Award issued on June 3, 2004, the arbitrator denied the grievance and rejected the Union's arguments.

Following this determination, Plaintiff filed the current action on December 13, 2004.  On February 11, 2005, Defendant filed a Motion to Dismiss, asserting the Court should dismiss this action because the issue raised was decided in arbitration.  (Docs. 8, 11, 18.)  The issue presented was whether the arbitration decision precluded Plaintiff from pursuing her FMLA claim in this court.  We determined the arbitration decision had no preclusive effect and Plaintiff's claim could go forward.  (Doc. 20.)

The parties agree that the issue of the interpretation of FMLA statutory and regulatory provisions is a matter of law, as is the relationship between the relevant provisions and Defendant's policy regarding the application of the vacation time notice provision to

FMLA leave.  (Docs. 31, 32.)  As noted above, the briefing schedule in this matter is complete and the parties' motions are ripe for disposition.

## II. Discussion

*A. SUMMARY JUDGMENT STANDARD*

A motion for summary judgment should be granted only if the record "show[s] there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Facts that may alter the outcome of the case are "material facts."  *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 255 (1986).  Disputes are "genuine" if evidence exists from which a rational person could conclude that the position of the party with the burden of proof on the disputed issue is correct.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case.  *Id.* at 325.  A plaintiff must point to admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law. *See*, *e.g.*, *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

*B.   FAMILY MEDICAL LEAVE ACT CLAIM*

Plaintiff argues that the language of the FMLA and relevant regulatory provisions clearly establish her right to use earned but unused paid vacation for the dates of June 22, 26 and 27, 2005, and

5

Defendant's failure to allow her to do so constitutes a violation of the FMLA. (Doc. 31-1 at 4-14.) Defendant argues that application of the CBA provision requiring two weeks advance notice in order to become entitled to use paid vacation time to FMLA leave does not violate the FMLA.

The stated purposes of the FMLA include:

> (1) to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity;
> (2) to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serous health condition;
> (3) to accomplish the purposes described in paragraphs (1) and (2) in a manner that accommodates the legitimate interests of employers[.]

29 U.S.C. § 2601(b).

Section 2612 sets out an employee's entitlement to leave. As pertains to this action, an eligible employee is entitled to a total of twelve workweeks of leave during any twelve month period in order to care for a parent who has a serious health condition. 29 U.S.C. § 2612(a)(1)(C).

The FMLA provision addressing the use of vacation time provides as follows: "An eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee provided under subparagraph . . . (C) of subsection (a)(1)

6

of this section for any part of the twelve-week period of such leave under such subsection." 29 U.S.C. § 2612(d)(2)(A).

In protection of the rights granted under the FMLA, 29 U.S.C. § 2615(a)(1) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

Here the parties do not dispute that Plaintiff was an eligible employee entitled to FMLA leave because of her father's serious illness. Rather, as noted above, they dispute Plaintiff's entitlement to be paid for certain time off by using accrued paid vacation time.

We concur with Plaintiff that § 2612(d)(2)(A) is an express grant allowing her to use her accrued vacation time without the restriction of the two-week notice policy.

A regulation promulgated pursuant to 29 U.S.C. § 2654 makes clear that "no limitations may be placed by the employer on substitution of paid vacation" time which an employee has opted to substitute for qualified FMLA leave. 29 C.F.R. § 825.207(e). The statute itself addresses the relationship of FMLA rights and those which are found in a collective bargaining agreement: the latter may grant more rights, but may not diminish FMLA rights. 29 U.S.C. § 2652.

We conclude that Defendant's two week notification policy regarding the use of accrued paid vacation time in substitution for

7

FMLA leave diminishes Plaintiff's right to use the paid vacation time when the employee's need to use the time is not foreseeable two weeks prior to the time when the leave is needed.  Our decision is based in part on the fact that the regulations recognize limitations on an employee's right to use paid sick/medical leave: such leave

> may be elected to the extent the circumstances meet the employer's usual requirements for the use of sick/medical leave.  An employer is not required to allow substitution of paid sick or medical leave for unpaid FMLA leave 'in any situation' where the employer's uniform policy would not normally allow such paid leave.

29 C.F.R. § 825.207(c).  The regulation also speaks directly to the employee's need to meet more stringent requirements of an employer's temporary disability plan.  29 C.F.R. § 825.207(d)(1).  In contrast, the same regulation specifically states that "no limitations" may be placed on the employee's election to use paid vacation time.  It is just as common that employers, whether through a CBA or other employment policy, have some restrictions or requirements associated with the use of vacation time.  Given that the regulation speaks to the allowance of limitations in some circumstances, if it were intended that the use of paid vacation time could be limited, the regulation would say so.  Because it does not, we take "no limitations" to mean just that.

Defendant attempts to persuade the Court that the two week notification policy is not a "limitation."  (Doc. 32-1 at 13.)

8

Rather, Defendant argues the policy is a requirement of the vacation provision in the CBA. We find this argument without merit. (*Id.*) In general, notice is required under the FMLA only when the reason for the leave is foreseeable. *See* 29 U.S.C. § 2612(e). Pursuant to Defendant's application of the CBA notice policy to unforeseeable FMLA leave, the notice requirement limits the use of accrued paid vacation leave. Further, the FMLA specifically states that rights established under the FMLA "shall not be diminished by any collective bargaining agreement." 29 U.S.C. § 2652(b). Whether termed a "limitation" or "a regular requirement of the vacation provision as set forth in the parties' collective bargaining agreement," (Doc. 32-1 at 13), the notice provision in the vacation policy places a requirement upon the use of accrued vacation leave that diminishes the right to use the leave when the need for FMLA need is not adequately foreseeable. Defendant's semantic argument does not dissuade us from our conclusion that § 825.207(e) does not permit such a limitation/requirement.

We also find Defendant's other proffered arguments without merit and cited support distinguishable. In conjunction with the argument that the entitlement to use accrued paid vacation leave must be interpreted to mean that the time may only be used according to the terms of the employer's policy, Defendant analogizes the situation where an employee is not entitled to paid

9

vacation leave at all.  (*See* Doc. 32-1 at 8, 12.)  While Defendant is correct that "the employer's policy itself . . . will necessarily control as to whether any paid vacation time is provided to employees," (*id.* at 8), and an employee is not entitled to use paid vacation time when an employer does not afford the employee paid vacation time, (*id.* at 8, 12), *the statute and implementing regulations only apply when the employee has accrued vacation time.*  Thus, no analogy can be made between a situation where a person has no accrued vacation time and a situation directly addressed in the statute and implementing regulations - the right of an employee who has accrued paid vacation time to substitute it for FMLA leave.

    Similarly, we conclude the cited Department of Labor ("DOL") Opinion Letters do not support Defendant's position.  Defendant first cites Opinion Letter - Family and Medical Leave Act - FMLA-61, 1995 WL 1036732 (May 12, 1995).  This letter addresses the situation where an employer told an employee that he must use vacation time for part of his FMLA leave that he would otherwise not yet be entitled to use under the terms of the employer's vacation leave plan.  FMLA-61, 1995 WL 1036732.  Under the plan, an employee who worked 800 hours in the current vacation year earns paid vacation that may not be used until the next vacation year.  *Id.*  The Department of Labor interpreted 29 U.S.C. § 2612(d)(2) to mean that "the employee has both earned the leave and is entitled

to use that leave during the FMLA leave period." *Id.* In the particular situation under consideration, the DOL opined that the employer "could not require the employee to substitute leave not yet available to the employee to use under the terms of the employer's leave plan." *Id.*

Defendant argues that this letter indicates that an employer is not required to allow an employee to use paid time during an FMLA leave period if the employee were not entitled to use the time under the employer's leave plan. (Doc. 32-1 at 8.)

Although this argument may be somewhat persuasive on the surface, we conclude that a notice provision in a vacation policy should be distinguished from the provision at issue in the Opinion Letter. In the latter situation, the right to use the time had not yet accrued - the right to use the time did not arise until the following year. In the case of a notice provision, the right to use the time has accrued albeit subject to giving the employer the required notice. Thus, the notice provision is more procedural than substantive. While this may seem to be a narrow distinction, we conclude that it is consistent with both the letter and the spirit of the FMLA. As set out above, one of the stated purposes of the FMLA is to promote the economic security of families. *See supra* p. 6. To adopt Defendant's interpretation would mean that an employee who had ample accrued paid vacation time to substitute for FMLA leave may have to go without pay for up to two weeks in the

11

common situation where a serious health situation necessitating leave was not foreseeable.  We conclude that this is the kind of economic hardship the FMLA seeks to avoid.  Therefore, it is appropriate to treat a procedural impediment to using paid leave differently from a substantive right to use the leave.

We make a similar distinction between the case at bar and the situation presented in Opinion Letter - Family and Medical Leave Act - FMLA-75, 1995 WL 1036746 (November 14, 1995).  There an employee was *only* entitled to take vacation during the two week period when the plant was shut down.  FMLA-75, 1995 WL 1036746.  The employer's expressed concern was that if the employee could use paid vacation at another time the employee would be entitled to unemployment compensation during the period when the plant was shut down.  *Id.*  The DOL's opinion was that neither the statute nor regulations required this result.  *Id.*  Similar to FMLA-61, the DOL interpreted the relevant provisions "to require that the employee has earned the right to take the leave under the employer's plan and is entitled to, therefore, substitute the accrued leave during the FMLA period.  Consequently leave that has not yet been earned is not available for substitution by an employee." *Id.*  The letter added "where an employee may only use leave under the employer's plan during a specified period when the plant is shut down, the employee has not fully vested in the right to substitute that leave for purposes of FMLA." *Id.*

12

This quoted language reveals that a deciding factor is whether the right to take the leave has vested. As discussed above, in the case at bar Plaintiff was entitled to use paid vacation time subject to the procedural provisions of the CBA policy. Therefore, the right had vested - the notice provision addressed procedural considerations for using the vested time. Also as discussed above, it is important to distinguish procedural and substantive aspects of a CBA or leave program to determine whether the provision in question diminishes the employee's rights. Here, the notice provision is procedural and, as analyzed above, diminishes Plaintiff's FMLA rights.

The case which Defendant finds "very instructive to the issue in this case," (Doc. 32-1 at 11), *Callison v. City of Philadelphia*, 128 Fed. Appx. 897 (3d Cir. 2005) (not precedential), does not provide the suggested support. *Callison* addressed whether an employer's application of the call-in provision of its sick leave policy to an employee on FMLA leave violated the FMLA. *Id.* The court held that the sick leave policy which required an employee to call in before leaving home during working hours did not violate the FMLA because it "neither conflicts with nor diminishes the protections guaranteed by the FMLA." *Id.* at 901. The Third Circuit Court of Appeals agreed with the District Court's rationale "that the purpose of the FMLA is not compromised by [the call-in] policy because 'it neither prevents employees from taking FMLA

13

leave nor discourages employees from taking such leave. It simply ensures that employees do not abuse their FMLA leave.'" *Id.* at 899.

The same cannot be said of the notice policy at issue here. While the two-week notice policy does not prevent an employee from taking FMLA leave, it discourages her from doing so if the need for the leave is unforeseeable: despite having ample accrued vacation time, an employee could have to go two weeks without pay - an economic hardship that could discourage the employee from taking appropriate FMLA leave. Because the effect of the sick leave policy at issue in *Callison* and the notice provision as applied in the case at bar have significantly different impacts on the exercise of FMLA rights, the Third Circuit's decision does not suggest that a similar outcome is appropriate here. While, as Defendant argues, it is certainly true that "Plaintiff's union is free to collectively bargain for a more lenient vacation provision in general or a shorter advance notice period specifically," (Doc. 32-1 at 12), until the Union successfully does so, the provision as applied diminishes an employee's right to used accrued paid vacation leave.

Finally, keeping in mind that another stated purpose of the FMLA is to grant employee entitlements "in a manner that accommodates the legitimate interests of employers," 29 U.S.C. § 2601(b)(3), we will examine whether our interpretation of an

employee's right to use accrued paid vacation without two-weeks notice to the employer is in accord with this FMLA purpose. Defendant does not argue that Plaintiff's interpretation violates a legitimate business interest and we do not otherwise find one. This is not a situation where the notice policy is intended to "ensure that employees do not abuse their FMLA leave," *Callison*, 128 Fed. Appx. at 899.  Nor is it a case where an employee may potentially double dip (using vacation time for FMLA leave and collecting unemployment when the plant is shut down during the set vacation period), as in Opinion Letter, FMLA-75.  Here Defendant asserts that the notice policy "does not in any way" prevent an employee from obtaining leave.  (Doc. 32-1 at 11.)  While we disagree with Defendant's assessment of the effect of the policy, we find that this statement supports our conclusion that Defendant has no business reason (other than its desire to enforce strict adherence to the procedural aspects of the CBA vacation policy) to prohibit an employee from taking paid time off during the two-week notice period when the need for the FMLA leave was not foreseeable.

### III. Conclusion

For the reasons discussed above, we conclude that the two-week notice policy diminishes the right to the use of paid vacation leave in the case of leave which is not foreseeable two weeks before needed and, thus, this policy is in violation of 29 U.S.C. §

15

2612(d)(2), 29 U.S.C. § 2652(b) and 29 C.F.R. § 825.207(e). Therefore, pursuant to 29 U.S.C. § 2615(a)(1), Defendant is in violation of the FMLA because it has applied the two-week notice policy to an employee seeking to use accrued paid vacation time in substitution for FMLA leave.  On this basis, we grant Plaintiff's Motion for Summary Judgment, (Doc. 25), and deny Defendant's Motion for Summary Judgment.  An appropriate Order follows.


                                    S/Richard P. Conaboy
                                    RICHARD P. CONABOY
                                    United States District Judge

DATED: October 13, 2005

16

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
SANDRA SOLOVEY,                    :
                                   :CIVIL ACTION NO. 3:04-CV-2683
         Plaintiff,                :
                                   :(JUDGE CONABOY)
         v.                        :
                                   :
WYOMING VALLEY HEALTH CARE         :
SYSTEM – HOSPITAL,                 :
                                   :
         Defendant.                :
                                   :
```

---

**ORDER**

**AND NOW, THIS _____ DAY OF OCTOBER 2005, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment, (Doc. 25), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (Doc. 26), is **DENIED**;

3. Plaintiff is awarded the monies lost to her because of Defendant's refusal to permit her to substitute paid vacation leave on June 22, 26 and 27, 2003, for her unpaid FMLA leave with interest and liquidated damages;

4. Defendant's policy requiring that eligible employees must provide two weeks written notice before using paid vacation time when substituting that time for FMLA leave

17

>    violates the FMLA and, therefore, Defendant is to cease enforcement of this policy in cases where an employee is exercising rights pursuant to the FMLA and is unable to provide such notice;

5. Defendant is to pay the Plaintiff's attorney's fees and other costs of this action;

6. The Clerk of Court is directed to close this case.

<u>S/Richard P. Conaboy</u>  
RICHARD P. CONABOY  
United States District Judge
